Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* James J. Kapsch, Appellant.

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*John R. Anderson,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 22, 1975.

This is an appeal by James T. Kapsch (Kapsch) from an order of the Unemployment Compensation Board of Review (Board), dated June 18, 1974, which affirmed a referee's denial of unemployment compensation benefits.

The only issue raised by this appeal is whether the referee's finding that "[c]ontinuing work was available to the claimant if he had desired to remain employed" is supported by substantial competent evidence. Our power to review on this basis is clear. *Rabinowitz v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A. 2d 825 (1974).

The essential facts may be succinctly stated. Kapsch was employed as a warehouseman by the Mahla Office Equipment Company (Mahla). Some time in early 1973 Kapsch developed a physical disability, later diagnosed as a hernia, which he alleges precluded him from performing his job with Mahla. On June 8, 1973, Kapsch voluntarily terminated his employment with Mahla, without giving his employer any medical certification of his disability, and without requesting a medical leave of absence.

Kapsch's application for benefits was denied by the Bureau of Employment Security on the basis of section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(b)(1), which reads, in relevant part:

"An employe shall be ineligible for compensation for any week —

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

Health problems may establish a "necessitous and compelling" cause for terminating an employment relationship, but the inquiry does not end there. *Tollari v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A. 2d 833 (1973). Under *Tollari*, before he may be eligible for benefits, an employe is obligated to seek work with which his disability will not interfere.

At the hearing before the referee, Kapsch asserted that he did, in fact, request lighter work at some time prior to terminating his employment with Mahla. Mr. Mahla testified that he could not recall whether or not Kapsch had made such a request, but that he was sure that continuing work would have been available. Kapsch would have us conclude that we must bind the fact finder to the inference that continuing work was not available because none was offered after his request. This we cannot do.

Unless Mahla's unqualified statement that lighter work was available is patently incredible, or incompetent, the referee and the Board were free to use it as the basis for a finding that such work was in fact available to Kapsch.

This record reveals, and Kapsch concedes, that he did not request a leave of absence, that he did not offer his employer any medical certification of his disability, and that he left work without providing any notice. All of these facts lend support to the general conclusion of the Board that Kapsch "did not take any action to preserve his employment." They also lend credibility to Mahla's statement that continuing work was available, since Kapsch's admitted conduct seems inconsistent with what one would expect of an employe who was seriously interested in preserving his relationship with his employer. The purpose behind requiring that a partially disabled employe make an honest effort to secure lighter work is to insure that the termination is in reality *involuntary*, as required by the Act. The mere fact that an employe's termination is in some way related to health problems does not satisfy the requirements of the Act, and does not necessarily entitle a claimant to benefits. The claimant must have no real choice but to leave his employment.

After a careful review of the record, and considering that the burden was upon Kapsch to show that his ter-

mination was for "cause of a necessitous and compelling nature," we must affirm the Board's order and its finding that continuing work was available. *Tollari, supra; Kernisky v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

We therefore

### ORDER

AND NOW, this 22nd day of April, 1975, it is hereby ordered that the order of the Unemployment Compensation Board of Review, dated June 18, 1974, denying benefits to James J. Kapsch, is affirmed.