Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania v. Ralph Tune, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Michael Saltzburg,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 4, 1976:

This is an appeal from a decision and order of the Unemployment Compensation Board of Review (Board) which denied Ralph Tune (Claimant) compensation benefits pursuant to Section 402 (b) (1) of the Unemployment Compensation Law.[1] We affirm.

Claimant was last employed by Central Medical Pavillion as an Assistant Director of Security. During the workday on November 19, 1974, Claimant and a fellow employee engaged in an altercation stemming from a gambling debt. As a result, *both* employees were suspended and demoted.[2]

After serving the suspension, Claimant was told to return to work as a Security Supervisor. Feeling that both the suspension and demotion were unfair, Claimant asked his employment be terminated.

To be eligible for unemployment compensation benefits, an employee voluntarily terminating his employment must prove that termination was with cause of a neces-

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802 (b) (1).

2. Claimant and the Housekeeping Supervisor were both suspended for five days. The former was demoted to Security Supervisor, the latter to Team Leader.

sitous and compelling nature, demonstrating that his conduct was consistent with ordinary common sense and prudence being based on real, substantial and reasonable factors and not on factors which are imaginary, trifling or whimsical. *U. S. Steel Corp. v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 71, 333 A. 2d 807 (1975). Our review of the record discloses Claimant brought this demotion on himself. Mere dissatisfaction with one's working status or conditions does not constitute a cause of a necessitous and compelling nature so as to justify voluntary termination of employment and permit receipt of unemployment compensation benefits. *Eckenrod v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 166, 325 A. 2d 320 (1974); *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974).

Therefore, we

ORDER

AND NOW, this 4th day of February, 1976, the decision and order of the Unemployment Compensation Board of Review is affirmed.