Dorothy B. Hoy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Christine P. Beyer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*George S. Test,* for appellants.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 12, 1978:
A decision of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits to Dorothy B. Hoy and Christine P. Beyer (Claimants) is the subject of this appeal.

Claimants were employees at the Sheetz Kwik Shopper in the Borough of Tyrone, Blair County,

Pennsylvania, an area not used to the frequent perversion of tranquility currently occurring in urban communities. Claimant Hoy was the store manager and Claimant Beyer was a clerk. During the winter months of 1976, two murder/robberies were committed in Blair County at retail stores similar to the Sheetz Kwik Shopper, and on the evening of March 16, 1976, Claimant Hoy was advised by a Borough policeman that the suspected murderer was believed to be in the area. Hoy contacted her immediate supervisor to advise him of the police report and discuss the possibility of closing the store early. She was told only to use her discretion in closing, and thereafter decided to close at 10 o'clock P.M., two hours earlier than the normal closing time. Upon reaching home, she was contacted by Steven Sheetz (Owner), the store owner who told her that under no circumstances was she permitted to close the store early without his permission. He said that if she feared that her health and safety were in jeopardy, she was to contact *him*, lock the doors and await the arrival of an armed guard. Hoy considered these instructions to be unreasonable, and shortly after her conversation with Owner, she contacted her supervisor to inform him of her decision to quit. Hoy then spoke to Claimant Beyer, told her of the conversation with Owner and apprised her of her decision. The next day Beyer advised Owner that she too was quitting, asserting that the protection he promised was not adequate to assure her safety. During the following week, two additional employees quit because of this incident, thus leaving only two of six employees remaining.

Sometime after making their decisions, Claimants learned that Owner had contacted the Borough police and forbade them from informing his employees of the whereabouts of suspected criminals. Rather, the police were instructed to contact Owner and he, in

turn, would decide whether to send a guard to the store.

Claimants' applications for unemployment compensation benefits were denied because the Board found that Claimants did not sustain their burden of proving that they terminated their employment for necessitous and compelling reasons under Section 402 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

It is well established that one seeking unemployment compensation benefits has the burden of proving that his/her termination was with cause of a necessitous and compelling nature by being dictated by the application of common sense and prudence to real, substantial and reasonable factors rather than facts which are imaginary, trifling or whimsical. *See Unemployment Compensation Board of Review v. Tune,* 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976).

There is no question that the circumstances arousing Claimants' concern for their safety were real and substantial.   The enormity of the crime of murder is magnified when it occurs in small rural communities as is the fear and apprehension suffered by those who are threatened by it.   The single issue before us, therefore, is whether Claimants' conduct was reasonable and prudent under the circumstances.

Considering the nature of the potential crime, the probability of its occurrence, and the fact that Claimants were potential victims, we cannot declare Claim-

ants' actions to be unreasonable. To require ladies to lock doors and stand by awaiting instruction and/ or help in the light of impending disaster is, in my judgment, totally unrealistic.

Accordingly, we

ORDER

AND Now, this 12th day of October, 1978, the decision of the Unemployment Compensation Board of Review is reversed and the case is remanded to it for the computation of unemployment compensation benefits to Claimants Dorothy B. Hoy and Christine P. Beyer.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent. I believe that the Board had ample reason for holding that the circumstances which precipitated the voluntary termination of the Claimants' employment did not constitute cause of a necessitous and compelling nature.

In order to establish such cause the Claimants were required to prove that their leaving resulted "from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977). This they did not do to the Board's satisfaction.

Although there was a contention here that the Claimants were fearful of bodily harm, it does not seem to me to have been justifiable for them to leave their employment rather than to follow the reasonable instructions of the Owner-employer regarding precautions to be taken for their protection. He told them that, if they believed their safety to be in jeopar-

dy, they should lock the doors of their place of employment, contact him by telephone at once, and wait there for an armed guard to arrive. The Board here concluded that this request was reasonable and the actions in response thereto by the Claimants were not. An examination of the record convinces me that the Board was correct, and I would therefore affirm its order and deny benefits.