Stanley J. Leonarczyk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

270

Argued December 7, 1978, before Judges WILKIN-SON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Nathan H. Waters, Jr.,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, February 1, 1979:

Stanley J. Leonarczyk has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying him benefits because he voluntarily left work without cause of a

necessitous and compelling nature within the meaning of Section 402(b)(1) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Mr. Leonarczyk was employed for approximately two years as a material handler for Gerwain Chemical Company (Gerwain). During the course of his employment, Mr. Leonarczyk developed skin rashes, which a physician said were caused by certain chemicals in the work area and by anxiety. On the advice of this physician, he asked for a new work assignment and Gerwain offered to train him as a fork-lift operator in another area of the factory. Mr. Leonarczyk refused the offer saying that he had no experience operating vehicles, that his nerves had not permitted him to operate automobiles and that they would not permit him to operate a fork-lift, even under instruction. He returned to his original work assignment and again developed rashes. He once again requested a transfer and was again offered training as a fork-lift operator, which he again refused to try. Mr. Leonarczyk then terminated his employment and applied to the Bureau of Employment Security to reopen his claim for unemployment compensation.[1] The Bureau denied his application and a referee, after a hearing, affirmed this denial. The Board of Review affirmed the referee's decision and this appeal followed.

The only issue is whether Mr. Leonarczyk had cause of a compelling and necessitous nature for voluntarily leaving his employment. We agree he did not.

In voluntary quit cases the claimant bears the burden of proving that his reasons for leaving employment were compelling and necessitous. *Nedd v. Unemployment Compensation Board of Review,* 24 Pa. Com-

---

[1] Mr. Leonarczyk had previously received benefits during a layoff from Gerwain.

monwealth Ct. 514, 357 A.2d 268 (1976). An employee who leaves work for medical reasons is not eligible for benefits under Section 402(b)(1) of the Law if the employer provides alternative work which is compatible with the employee's disability. *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). Further, the employee must attempt to perform alternative work before becoming unemployed. Judge WILKINSON wrote in *Kownacki v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 309, 314, 335 A.2d 868, 870 (1975), that "[a]ll of this serves to emphasize and reinforce the well-founded rule that unless the requirements of the job being offered are so obviously beyond the physical capabilities of the claimant as to involve an unreasonable risk of injury, then the claimant must make a reasonable effort before declaring he or she cannot perform the duties." Mr. Leonarczyk refused to attempt training in the offered employment. We are unconvinced by this record that the fork-lift position was so obviously beyond his physical capabilities that he risked injury by attempting to train for the job.

Order affirmed.

ORDER

AND Now, this 1st day of February, 1979, the order of the Unemployment Compensation Board of Review dated February 28, 1977 is affirmed.

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I must respectfully dissent. It is undisputed that claimant, a man of 50, does not have a driver's license and has a fear of attempting to operate motor driven equipment. In today's society and way of life, I can think of no greater substantiation of the genuineness of claimant's fear than his not having a driver's license.

In my opinion this puts him in the specific category that we created in *Kownacki v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 309, 335 A.2d 868 (1975), *i.e.,* the job being offered was so obviously beyond his physical capability as to involve an unreasonable risk of injury and thus excuse him from trying to learn to operate the fork-lift. Had he been much younger or had he had a driver's license, it would be quite a different situation.