Earl E. Wagner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges MEN-CER, DiSalle and MacPhail, sitting as a panel of three.

*William D. Hutchinson,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 1, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) reversing a referee's award of benefits.

Earl E. Wagner's (Claimant's) position with Mrs. Miller's Pies, Inc. (Employer), as a packer required heavy lifting. After fourteen months of employment Claimant was placed on leave from October 21, 1977, to December 25, 1977, because of a hernia, during which period of time the hernia was surgically repaired. Thereafter, Claimant's physicians advised him to avoid lifting as much as possible and specifically not to lift more than twenty-five pounds at a time. On the basis of that advice Claimant terminated his employment.

It is well established that a claimant's physical disability may constitute a cause of a necessitous and compelling nature for leaving his employment. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). However, this Court has also recognized the full import of the statutory requirement[1] that if an employer is able to provide continued employment with duties consistent with the claimant's physical limitation, then the claimant's physical disability does not constitute cause of a necessitous and compelling nature sufficient to justify a voluntary termination. *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975).

In the instant case Claimant was the only witness. His own testimony indicates that Employer offered him lighter work which he refused because he did not

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

think that Employer's plan would work.[2] Obviously, we can not leave it up to a claimant to make his own determination of whether lighter work is in fact available. If it was offered, he is duty-bound to try it before he concludes with justification that it was not available. After he has made that effort a proper determination can be made whether the work offer is within the claimant's physical capability.

Claimant argues that his testimony concerning what Employer told him was hearsay and that the Board therefore erred by basing its decision on Claimant's testimony. Unfortunately for Claimant, he is in no position to object to the competency of statements he offers through his own testimony.

Order affirmed.

### ORDER

AND Now, this 1st day of November, 1979, the order of the Unemployment Compensation Board of Review of March 30, 1978, denying benefits to Earl E. Wagner is affirmed.

---

[2] Claimant testified as follows:

They called me up and he said, 'I will give you a softer job.' I said, 'How can you do that? There are three men there that don't lose a minute,' and he said, 'They will do your lifting.' I know they can't leave their job like that to help another. It is production. So he said, 'I will put you on a machine, and I will help you with the dough.' He sits in the office one-half hour with a salesman, and the machine is empty, and I have to fill it, and I can't do it. I have to bend down, which is the worst thing for a hernia, and I told him, and he said, 'They will help you' which I know he didn't confer with them. I don't think so.

---

DISSENTING OPINION BY JUDGE DiSALLE:

I dissent.

The Employer claims that Claimant had been offered light work and that he refused the offer. It is

clear that if the work offered was not suitable work, then Claimant was not obligated to accept the tendered employment. Here, the referee expressly found that no "suitable" work was offered Claimant. The record reveals that the offered work involved lifting but that Claimant's employer promised him that other employes would do the lifting. Claimant testified that he thought it unreasonable to expect other employes to perform this work as well as their own. With this the referee apparently agreed. Notably, the Board made no express finding of fact with regard to the suitability of work. Given that substantial evidence supports the referee's finding with regard to this necessary finding of fact, and given the conspicuous absence of a Board finding to the contrary, I believe we should reverse the Board and remand this matter for a computation of benefits.