Kama Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Thomas J. Smith, Respondents.

Argued November 13, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Martin D. Cohn,* with him *Lawrence B. Cohn,* of *Laputka, Bayless, Ecker & Cohn, P.C.,* for petitioner.

*David R. Confer,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE CRAIG, February 8, 1980:

Kama Corporation, as employer, appeals from the affirmance by the Unemployment Compensation Board of Review (board) of the referee's award of benefits to Thomas J. Smith, claimant.

Claimant, a non-union laborer, terminated his employment with petitioner on November 27, 1977. On that date, there was pending a labor dispute which resulted in a work stoppage beginning December 3.

The bureau initially found claimant eligible under Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(d), on the ground that the work stoppage was a lockout. On appeal, the referee modified the award to base it on Section 402(b)(1) of the law, 43 P.S. §802(b)(1), concluding that, although claimant terminated before the stoppage began, the termination was with cause of a necessitous and compelling nature, in that claimant had been threatened with bodily harm and had sustained property damage during the pendency of the labor dispute. The board affirmed, and this appeal followed.

Claimant testified that, on November 26, 1977, he was approached in a tavern by two union members who told him his knees would be broken with a baseball bat if he returned to work; further, he testified that his automobile was vandalized the following day.

On these facts, a conclusion of cause of a necessitous and compelling nature could be supported.

Claimant's conduct could be seen to be reasonable and prudent under the circumstances, as in *Hoy v. Unemploylment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 126, 391 A.2d 1144 (1978). There claimants were clerks in a grocery store who quit due to fear for their safety, after being informed of the suspected proximity of a murder-robbery suspect, wanted in connection with two killings at similar stores. The gravity of the threat here was not so critical but was nonetheless quite substantial; being the object of the threat and having sustained property damage, Smith was obviously a potential victim, and the likelihood of its effectuation here seemed at least as great as in *Hoy, supra.*

As our Supreme Court reiterated in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359-60, 378 A.2d 829, 833 (1977), " '. . . [t]he pressure of necessity . . . or other overpowering circumstances and [claimant's] capitulation to them transform what is ostensibly voluntary unemployment into involuntary unemployment.' "

The employer argues that the claimant's testimony should have been disregarded and struck from the record because he would not reveal the identity of the two men who allegedly threatened him. Claimant did not expressly deny knowledge of their identity, but declined to reveal their names.

Employer contends that claimant's refusal to identify those men amounted to a refusal to submit to cross-examination, and argues that claimant's testimony should have been disregarded, or alternatively, that the referee should have compelled disclosure and subpoenaed the two as necessary witnesses, to resolve the credibility of claimant.

Section 32 of the Administrative Agency Law, Act of June 4, 1945, P.L. 38, §32, repealed by the Act of

April 28, 1978, P.L. 202, No. 53, §2(a)[1244],[1] pro-
vided that although "agencies shall not be bound by
technical rules of evidence . . . [r]easonable examina-
tion and cross-examination shall be permitted." The
dispositive issue is thus whether, by claimant's re-
fusal, the employer was foreclosed from the reason-
able cross-examination which the law allows.

We do not think so. The referee was bound ulti-
mately to decide the credibility of claimant and the
prudence of his action; we cannot see where the ref-
eree was incapacitated or the petitioner disadvantaged
more here than in a situation where the claimant in
fact *could not* identify those who threatened him even
if he so desired.

Indeed, claimant's refusal to reveal names may put
his credibility to a greater test than an assertion that
he does not know. However, the referee found the
testimony credible, and this court should not usurp
that crucial responsibility of the referee.

In this kind of situation, a claimant's adversary
may be compelled to pursue other avenues of cross-
examination or rebuttal, for instance, by addressing
the accuracy or credibility of the claimant's recollec-
tion of the objective circumstances surrounding the
alleged threat, such as describing the actors or the
conditions öf time and place or the presence of other
witnesses to the underlying events. The employer
elected to forego such lines of inquiry, just as it chose
to leave unchallenged claimant's testimony that his
car had been seriously vandalized.

Employer's argument that this view will open the
door to fanciful justifications for termination pre-
sumes referees to be less able to assess credibility than
we believe them to be. Because the referee would be
empowered to believe or disbelieve a claimant if he

---

[1] Currently found at 2 Pa. C.S. §505.

claimed ignorance of their identity, we do not believe he should be precluded from assessing the claimant's credibility where he straightforwardly declines to reveal known individuals.

Because the award is supported by the evidence, we affirm the board.

ORDER

AND Now, this 8th day of February, 1980, the order of the Unemployment Compensation Board of Review is affirmed.

Judge DISALLE did not participate in the decision of this case.