Walter M. Sankey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges Mencer, Rogers and Williams, Jr., sitting as a panel of three.

*Dorean D. Nelson,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 30, 1981:

Claimant, Walter Sankey, seeks reversal of a decision of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(b)(1) of the Unemployment Compensation Law.[1]

The claimant had been employed by Montgomery Ward as manager of the Home Improvement Department when he retired in 1978 for medical reasons. He suffered from hypertensive cardiovascular disease; and he was informed by his physician that the stress and pressure caused by his job aggravated his condition. The doctor advised Sankey to leave his position as department manager. As a result, the claimant notified his employer of his intent to leave his job. However, following that notice, claimant spoke to the store manager about alternative work. At that time, claimant was informed that work as a commissioned salesman was available and was offered a job in that capacity. The claimant's employer felt that the offered position was compatible with claimant's condition, in that the stress and pressure claimant experienced as department manager would be alleviated. However, claimant rejected the offer, stating that such work would continue to irritate his medical problem. Feeling that he was unable to obtain suitable work, claimant voluntarily retired from his employment.

Claimant Sankey then applied for unemployment benefits, which were denied by the Referee upon a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

finding that the claimant voluntarily terminated his employment without "cause of a necessitous and compelling nature."[2] The Board upheld the Referee's decision; and the claimant has appealed that decision to this Court.

Claimant's first contention is that the findings of the Board are not supported by substantial evidence. Specifically, claimant challenges finding of fact no. 4 which states: "On September 18, 1978, the claimant was offered a position as a commission salesman either full time or part time *in an unrelated department*." (Emphasis added.) It is claimant's contention that the underlined portion of that finding is supported solely by hearsay evidence, and that such evidence, standing alone, is not competent to support a finding of fact. The Board responds to that contention by asserting that "the unsupported portion of the above finding is not necessary to support the adjudication of the matter and has no effect upon the ultimate resolution of the case." We are in agreement with the Board.

In an unemployment compensation case, this Court is charged with the duty of reviewing the record to insure that any *necessary* findings of fact are supported by substantial evidence. *Myers v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975).

"While this Court will not condone even the slightest inaccuracy in the findings of fact, it will not upset the determination of the Board when the inaccuracy has no effect upon the relevant legal principles and ultimate resolution of the case." *Wetzel v.*

---

[2] The referee reversed a determination by the Bureau (Office) of Employment Security that the claimant was eligible for benefits. The referee agreed with the Bureau that the claimant satisfied Section 401(d), 43 P.S. §801(d), but disagreed as to Section 402(b)(1).

*Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415, (1977).

In reviewing this case, we need only decide if claimant's employer provided him with alternative work compatible with his disability. *See Leonarczyk v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 269, 397 A.2d 49 (1979). While the evidence does not support a finding that claimant was offered a job in an *unrelated department,* substantial evidence does exist to sustain a finding that claimant was offered *a position compatible with his medical condition.* Whether or not such work was in the same or in a different department from that in which claimant had previously been employed is irrelevant. Thus, the unsupported portion of the finding of fact in question has no bearing on our determination.

The claimant next contends that the Board erred in finding that his employment was not terminated for necessitous and compelling reasons. A claimant who alleges that he terminated his employment for necessitous and compelling reasons bears the burden of establishing the existence of such reasons. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Merely because an employee's termination is in some way related to health problems, does not necessarily qualify him for unemployment compensation benefits. In order to be eligible for unemployment benefits, an employee is obligated to seek work with which his disability will not interfere. If his employer provides him with such work, the employee is not entitled to unemployment compensation. *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). Furthermore, an attempt must be made to perform the alternative work before becoming unemployed. *Kownacki v. Unemployment Compensation Board of Review,* 18 Pa. Com-

monwealth Ct. 309, 335 A.2d 868 (1975). Thus, a claimant must demonstrate that he had no real choice but to leave his employment. *Unemployment Compensation Board of Review v. Kapsch, supra.*

In the instant case, substantial evidence exists to support the Referee's finding that the claimant was offered alternative work by his employer which was compatible with claimant's condition. However, claimant refused his employer's offer without ever endeavoring to perform the new job. The claimant did not show that he had no choice but to become unemployed. Therefore, he did not prove that his voluntary termination of his employment was for "cause of a necessitous and compelling nature."

For the aforementioned reasons, we must affirm the Board's order denying unemployment compensation benefits to this claimant.

ORDER

AND NOW, the 30th day of January, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-171978 is affirmed.

Judge MENCER concurs in the result only.