Frankford Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Joanne E. Kleiner,* with her *John P. Quinn, Steinberg, Greenstein, Gorelick & Price,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Paul A. Sneed,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 11, 1982:

In this unemployment compensation appeal, the Frankford Hospital questions an allowance of benefits by the board, affirming a referee's determination that the claimant[1] was eligible for benefits on the basis

---

[1] Debra Steinberg.

that her voluntary quit was justified by a "cause" which was "necessitous and compelling," according to the terms of Section 402(b)(1) of the Unemployment Compensation Law.[2]

The referee found that the claimant had worked for the Frankford Hospital-Torresdale Division as a Blood Bank Supervisor for about three years. After a two-day absence from her job, the claimant's supervisor informed her that her pattern of absences and her job performance were unsatisfactory, advising the claimant that she would be demoted, which would result in a reduction in pay. The claimant submitted her resignation on the next regularly scheduled workday, citing, as the reason for resignation, disatisfaction with the demotion which she had received.

In his discussion, the referee "specifically [found] the demotion not warranted," based upon Finding of Fact No. 2 as to absences:

(2) Claimant was absent from her job on May 7, 1980 and May 8, 1980, due to illness and properly reported such absences as to the reason therefor.[3]

Attentive to our limited scope of review,[4] we find that the claimant's testimony, which negates any basis

---

[2] Section 402(b)(1), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1).

[3] Although the hospital presented alternative evidence concerning the cause of claimant's absences, questions of credibility are for the factfinder, and findings of the factfinder supported by substantial evidence will not be disturbed on appeal although the reviewing court might have reached a contrary conclusion because contrary evidence was also received. Gochenauer v. Unemployment Compensation Board of Review, 59 Pa. Commonwealth Ct. 354, 429 A.2d 1246 (1981).

[4] In an unemployment compensation case where the party with the burden of proof prevails below, review by the Commonwealth Court of Pennsylvania is limited to questions of law and a determination of whether findings of the Unemployment Compensation

for the demotion, constitutes substantial evidence upon which the referee could properly conclude that the demotion was not warranted. Likewise, the referee's decision not to credit the supervisor's comment as to claimant's non-pursuance of an appeal to the hospital's Director of Employee Relations, in view of claimant's denial that she had an opportunity to address "anyone in authority," involves a question of credibility for the referee.

Having accepted the referee's findings, the legal issue raised is whether an unjustified demotion which causes a claimant voluntarily to quit his employment constitutes cause of a "necessitous and compelling nature" to enable that claimant to qualify for unemployment benefits.

In *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 358-59, 378 A.2d 829, 832-33 (1977), the Supreme Court stated:

[I]t can be said that "good cause" for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

Although an employee must accept reasonable task changes, *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974), an employment change brought about by an unjust demotion is not reasonable and therefore is distinguishable from situations involving a justified demotion, *Unemployment Compen-*

---

Board of Review are supported by substantial evidence. *Pavalonis v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 289, 426 A.2d 215 (1981).

*sation Board of Review v. Tune,* 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976), or a mere reprimand, *Unemployment Compensation Board of Review v. Ruffel,* 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975).

Accordingly, the order of the board is affirmed.

ORDER

Now, May 11, 1982, the order of the Unemployment Compensation Board of Review, No. B-80-1-L-130 dated April 12, 1980, is affirmed.

AMENDED ORDER

The order of this court dated May 11, 1982 in the above-captioned matter is amended to read as follows:

Now, May 13, 1982, the order of the Unemployment Compensation Board of Review, No. B-188227 dated September 30, 1980, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.