Robin K. Howell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1985, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Geoffrey M. Biringer,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 17, 1985:

This is an appeal by Robin K. Howell (Claimant) from an order of the Unemployment Compensation Board of Review (Board), reversing a referee's decision, and thereby denying benefits pursuant to Section 402(b) of the Unemployment Compensation Law

(Law)[1] on the ground that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. We reverse.

The facts as found by the Board[2] are as follows: Claimant was last employed as a secretary/receptionist by Community Dental Association (Employer) on June 24, 1983. On June 23, 1983, Claimant was struck in the face by another employee. Claimant informed Employer's office manager about the incident and Employer immediately discharged the other employee. On June 24, 1983, the other employee gained access to Employer's premises and again struck Claimant in the face. Claimant then called the police and unsuccessfully attempted to press charges against the other employee. On June 27, 1983, Claimant notified Employer that she was terminating her employment because she was afraid that she would be harassed further if she continued to work for Employer. The Office of Employment Security determined that Claimant was eligible for benefits. This determination was affirmed by a referee. The Board reversed the referee's determination because it reasoned that after Employer dismissed the other employee Claimant no longer had reason to fear harassment and, therefore, she did not have necessitous and compelling cause to terminate her employment. We disagree.

The Board's reasoning ignores the fact that on June 24, 1983, *after* the other employee had been dismissed, the other employee gained access to Employer's premises and again struck Claimant. Thus, Claimant's fear of further physical harm and her consequent termination was "dictated by the application

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

[2] The Board made its own findings of fact which were substantively identical to the referee's findings.

of common sense and prudence to real, substantial and reasonable factors rather than facts which are imaginary, trifling or whimsical." *Hoy v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 126, 129, 391 A.2d 1144, 1145 (1978), *citing Unemployment Compensation Board of Review v. Tune*, 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976). This case is therefore controlled by *Kama Corp. v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 263, 410 A.2d 974 (1980), and *Hoy,* wherein we held that a voluntary termination of one's employment because of a reasonable fear for one's safety constitutes necessitous and compelling cause.

Accordingly, the order of the Board is reversed.

ORDER

AND Now, December 17, 1985, the order of the Unemployment Compensation Board of Review, No. B-225259, dated December 19, 1983, is reversed.