531 A.2d 60

Southeastern Pennsylvania Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*C. Neil Petersen,* with him, *Joseph F. Keener,* and *G. Roger Bowers,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 8, 1987:

Southeastern Pennsylvania Transportation Authority (SEPTA) petitions for review of an order of the Unem-

ployment Compensation Board of Review (Board) which affirmed a referee's award of unemployment compensation benefits to Cecil Dean (Claimant).

Claimant applied to the Office of Employment Security (OES) for unemployment compensation benefits but his application was denied because OES determined that he had voluntarily terminated his employment without cause of a necessitous and compelling nature within the meaning of Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] Claimant appealed. On June 7, 1985, a hearing was held before a referee who reversed the determination of OES and granted unemployment compensation benefits to Claimant. SEPTA appealed to the Board, and on August 22, 1985, the Board affirmed the decision of the referee.

On appeal to this court, SEPTA asserts that the Board erred in affirming the referee's award of benefits because Claimant voluntarily terminated his employment without cause of a necessitous and compelling nature. In the alternative, SEPTA asserts that the case should be remanded to the Board for the purpose of holding an additional evidentiary hearing.

The facts as found by the referee are as follows:

1. The claimant was last employed by S.E.P.T.A. Transportation Systems as a Transportation Systems Specialist Complex for approximately six months at the final rate of $32,474 per year. His last day of work was March 9, 1985.

2. The claimant voluntarily terminated such employment as he had been reduced in salary and demoted.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

3. The claimant previously had been employed by S.E.P.T.A. as a Senior Project Engineer for Rail Equipment for five years, with total employment of ten years, at the rate of $34,340 per year with executive and administrative responsibilities.

4. The claimant's demotion was due to a new supervisor's dissatisfaction with his job performance.

5. The claimant has a Bachelor's Degree in Science and Mechanical Engineering.

6. The claimant had formerly been employed in the engineering field for 25 years, including employment with S.E.P.T.A.

7. The claimant's new duties after demotion were minimal, required no engineering experience, and were being performed by another employee, who was a former bus driver.

8. The claimant complained concerning his demotion and reduction in pay to no avail, and submitted his resignation.

SEPTA asserts that these facts do not support the conclusion that claimant had a necessitous and compelling reason for voluntarily terminating his employment.

A claimant who is unemployed because of a voluntary termination of employment has the burden to prove that his termination was for a cause of a necessitous and compelling nature. Section 402(b) of the Law. "Whether one had 'cause of a necessitous and compelling nature' is an ultimate conclusion which must be drawn from the underlying findings of fact. Such ultimate conclusions— sometimes called 'ultimate facts'—are legal conclusions and are always subject to appellate review." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358, 378 A.2d 829, 832 (1977).

In the case at bar, the referee granted benefits because:

> The Referee is of the considered opinion that the claimant voluntarily terminated his employment. with good cause, as his demotion and reduction in pay were far below his capabilities as an engineer with 25 year's [sic] of experience. The demotion was considered unsuitable considering his education and work background. Under these circumstances, he cannot be denied benefits under the provisions of the aforementioned Section of the Law.

Cause of a necessitous and compelling nature is that cause which results from overpowering circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person to act in the same manner. *Taylor*. Discontent with one's job does not constitute cause of a necessitous and compelling nature. *Hostovich v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 344, 414 A.2d 733 (1980).

SEPTA asserts that the facts of this case do not amount to cause of a necessitous and compelling nature because mere discontent with one's job is not good cause for voluntary termination. The Board however, argues that in light of Claimant's extensive background, his new position was not "suitable work" and therefore Claimant had good cause to quit.

The Law recognizes that, in certain circumstances, a voluntary termination because one is placed in unsuitable work can constitute cause of a necessitous and compelling nature. *Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A.2d 174 (1967); *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982) (300 miles per day commute to a new position after layoff is not suitable employment);

*Unemployment Compensation Board of Review v. Franklin & Lindsey, Inc.* 497 Pa. 2, 438 A.2d 590 (1981) (Draftsperson laid off but recalled to do purely secretarial work at no pay reduction. Recall properly refused because job was not in keeping with education and experience); *United States Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 310 A.2d 94 (1973) (Bricklayer properly refused laborer's job as unsuitable because of non-use of skill). We note that in each of these cases the facts involved recall after lay-off, not demotion as in the instant case.

SEPTA argues, however, that because Claimant worked at his new position for 6 months he therefore acknowledged the suitability of the work.

In this court's analysis of "suitability", we have considered the fact that an employee who has accepted a position and worked in that position cannot later voluntarily terminate his employment and be eligible for benefits, because one who accepts a job and works in that job for a period of time has admitted to its initial suitability. *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). For example, in *Mosley,* a claimant, whose job with another employer had been eliminated, accepted a new, lower paying job. After 2 weeks the claimant, because of dissatisfaction with wages and commuting distance, quit. In *Mosley* we said that mere discontent with wages and working conditions does not render the employment unsuitable, is not a cause of a necessitous and compelling nature, and does not entitle the employee to benefits.

The Board, however, directs our attention to an apparent inconsistency in the law. Specifically, in *Leonarczyk v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 269, 397 A.2d 49 (1979) we

affirmed a denial of benefits to employees who voluntarily terminated their employment, asserting unsuitability, without giving the new job a try. The argument is made that a catch-22 is created for a claimant. On the one hand, the law requires a try out of the new job by the applicant to retain eligibility for benefits, and on the other hand penalizes an applicant by denying benefits when he does try out a new job and then quits, claiming the job is unsuitable. In *Leonarczyk,* the claimant asserted physical inability to operate a forklift but quit without giving the job a try. In *Kownacki v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 309, 335 A.2d 868 (1975) four women quit who were asked to do heavy lifting after their jobs were eliminated, without giving the new jobs a try. In both cases benefits were denied.

The case at bar is factually distinguishable from the "suitability" cases. This is not a case where an employee has lost his or her original job with an employer because of lay off or elimination of the prior job. Those cases bring into focus the issue of suitability[2] of the new position upon recall or re-employment. Here, we are faced with an employee who was placed in a different job with the same employer because of a *demotion.* This demotion was found by the referee to be "due to a new supervisor's dissatisfaction with his job performance."

---

[2] Section 402(b) states in pertinent part:

An employe shall be ineligible for compensation for any week— . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . and that in determining whether or not an employe has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four(t)[.]

We, of course, recognize the right of an employer in Pennsylvania to demote an employee as a form of discipline or for other business purposes. However, eligibility for unemployment compensation where the employee quits, does necessarily relate to the reason for the demotion. The question before us is whether a voluntary termination which results from an unjustifiable demotion can constitute cause of a necessitous and compelling nature.

Whether a voluntary termination because of dissatisfaction with a position to which an employee is demoted, constitutes cause of a necessitous and compelling nature turns on the *justifiability* of that demotion. *Frankford Hospital v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 452, 445 A.2d 256 (1982). In *Frankford Hospital,* Judge CRAIG framed the issue as follows:

> Having accepted the referee's findings, the legal issue raised is whether an unjustified demotion which causes a claimant voluntarily to quit his employment constitutes cause of a 'necessitous and compelling nature' to enable that claimant to qualify for unemployment benefits.

*Id.* at 454, 445 A.2d at 257. Judge CRAIG, in affirming the Board's award of benefits, went on to state:

> Although an employee must accept reasonable task changes, Tucker v. Unemployment Compensation Board of Review, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974), an employment change brought about by an unjust demotion is not reasonable and therefore is distinguishable from situations involving a justified demotion, Unemployment Compensation Board of Review v. Tune, 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976), or a mere reprimand, Unemployment Compensation Board of

Review v. Ruffel, 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975).

In *Frankford Hospital,* the referee made a specific finding, which was supported by the evidence, that the demotion was not warranted. It is apparent that the result and proper appellate review turned on the critical finding of whether the demotion was justified. Further, in *Unemployment Compensation Board of Review v. Tune,* 23 Pa. Commonwealth Ct. 201, 350 A.2d 876 (1976), a claimant who "brought [the] demotion on himself," *id.* at 203, 350 A.2d at 877, was held ineligible to receive benefits after the claimant voluntarily terminated his employment.

In the case at bar, after reviewing the record we conclude that the findings of fact are inadequate for us to perform our appellate review. We are missing the crucial finding with respect to the justifiability of the demotion. The referee merely found that "[t]he claimant's demotion was due to a new supervisor's dissatisfaction with his job performance." *The referee's findings* pertaining to the reasons for the demotion and whether the demotion of claimant was justified are lacking.

For this court, on review, to draw any inferences from the referee's findings would violate our scope of appellate review. The following hypothetical situations highlight the need for a finding by the referee on the issue of justifiability. On one hand, Claimant, who had been working 25 years and was close to vesting his pension, may have let his work performance deteriorate to the point where a demotion was warranted. This could constitute a justifiable demotion which renders Claimant ineligible for benefits.[3] On the other hand, the

---

[3] In a willful misconduct context *see Cullison v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 416,

Claimant's new supervisor may have wanted to fill the Claimant's position with an engineer with whom the supervisor was familiar, or the political posture of this government agency may have changed. The supervisor's reasons for Claimant's demotion would be pretextual and in this situation, the demotion would be unjustified. As a result, Claimant would remain eligible for benefits.

In light of the foregoing analysis, we remand this case to the Board for additional findings of fact consistent with this opinion.

### ORDER

AND NOW, September 8, 1987, the order of the Unemployment Compensation Board of Review is vacated and the matter is remanded to the Board for Findings of Fact on the question of the justifiability of Claimant's demotion.

Jurisdiction relinquished.

----

444 A.2d 1330 (1982); *Ungard v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 127, 442 A.2d 16 (1982).