Cecile Arufo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

556

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

_Paulette E. Nachild_, with her _Richard P. Perna_, for appellant.

_Daniel Schuckers_, Assistant Attorney General, with him _Thomas Devilbiss_, Assistant Attorney General, _Sydney Reuben_, Assistant Attorney General, and _Robert P. Kane_, Attorney General, for appellee.

OPINION BY JUDGE MENCER, September 15, 1978:

This is an appeal by Cecile Arufo (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits on the basis that claimant voluntarily left her employment without cause of a necessitous and compelling nature under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, _as amended_, 43 P.S. §802(b)(1). We reverse.

Claimant was last employed as a bookkeeper/office manager by the Hand Rehabilitation Center in Philadelphia, where she had been employed for over four years. Claimant's work became suspect, and therefore an audit was conducted in June of 1976. The

audit showed that nothing was wrong. In late Sep-
tember 1976, Dr. Hunter, the supervisor of the thera-
py department, implied that claimant was still re-
sponsible for $2,000 in allegedly missing funds.
Claimant said the matter had been settled by the au-
dit. Dr. Hunter responded as follows:

> Well, it wasn't cleared up to my satisfaction I
> know how easy it is for a . . . bookkeeper to
> steal money, the easiest way is to hide money
> away so that you could just sit it out, as far as
> I'm concerned it has never been cleared up to
> my satisfaction or to Dr. Schneider's and as
> far as I'm concerned you are guilty until proved
> otherwise.

As a result of this accusation, claimant gave notice of
her termination to Dr. Schneider the following day.
She worked until October 29, 1976.

The issue raised on this appeal, based upon the
undisputed facts above, is whether, under the circum-
stances, Dr. Hunter's remarks constituted a necessi-
tous and compelling reason for claimant leaving her
employment.

In *Taylor v. Unemployment Compensation Board
of Review,* 474 Pa. 351, 358-59, 378 A.2d 829, 832-33
(1977), the Supreme Court stated:

> [I]t can be said that 'good cause' for voluntari-
> ly leaving one's employment (i.e. that cause
> which is necessitous and compelling) results
> from circumstances which produce pressure to
> terminate employment that is both real and sub-
> stantial, and which would compel a reasonable
> person under the circumstances to act in the
> same manner.

In *Taylor,* the claimant had been subjected to con-
tinuing verbal abuse because of his race and thereby
suffered humiliation and apprehension. This was

found to be an intolerable working condition and justification for leaving.

Claimant's reasons for leaving must connote "adequate excuses that will bear the test of reason, just grounds for action, and always the element of good faith." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 556, 45 A.2d 898, 903 (1946).

In this case, claimant was entrusted with important duties and responsibilities relating to her employer's business affairs. In this position, she was accused of theft by one of her employer's principals. Such an accusation constituted a very real, substantial, and serious personal affront to claimant's character and integrity. This was especially so after an independent audit had cleared claimant of any wrongdoing. There was nothing more that claimant could do to overcome the suspicions and restore the confidence in her work. The forecast of continuing accusations and suspicions and absence of confidence and trust required in this type of business relationship created an untenable situation. Under these circumstances, claimant, acting as a reasonable person, was effectively compelled to leave. *See Taylor, supra; Trinovitch Unemployment Compensation Case,* 169 Pa. Superior Ct. 269, 82 A.2d 277 (1951) (a supervisor's reprimand, accompanied by unjust accusations, abusive conduct, and profane language, constituted a necessitous and compelling reason).

The Commonwealth's contention that claimant's continuing employment for a month after the incident negates the conclusion that her reason for leaving was compelling is without merit. Claimant left the office immediately after the incident, very upset, and gave notice of termination the next day. She remained only until a replacement could be found, and such conduct comports with that of a reasonable person.

## ORDER

AND Now, this 15th day of September, 1978, the order of the Unemployment Compensation Board of Review, dated February 3, 1977, denying benefits to Cecile Arufo, is reversed, and the case is remanded for a computation of benefits.