Elizabeth Grosklos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MEN-CER, DiSALLE and MacPHAIL, sitting as a panel of three.

*Arnold H. Cantor,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, November 3, 1978:

Before this Court is a petition for review filed by Elizabeth Grosklos (Claimant) from a decision by the Unemployment Compensation Board of Review (Board) dated March 8, 1977. The Board affirmed the referee's determination that Claimant was ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as*

*amended*, 43 P.S. §802(b)(1), for voluntarily terminating her employment without cause of a necessitous and compelling nature.

Claimant was employed by Ribet Productions (Employer) as Director of creative media. Several times during the course of her employment, Claimant had been told by the Employer's president that she was fired. On each occasion, however, she continued to work. During the 1976 Labor Day weekend, Claimant helped direct the Jerry Lewis Telethon. This event was nationally televised from Las Vegas, Nevada. On September 5, 1976, while directing the telethon, Claimant was advised by the Employer's executive vice-president that she was fired. Claimant, however, continued to work on the telethon September 5th and 6th, until the program was concluded.

On September 7, 1976, the Claimant handed in her written resignation to the Employer's president and stated that she would resign for the good of the company. The Employer did not pay her for services she performed in September. Thereafter, on October 3, 1976, she applied for unemployment benefits. The Bureau of Employment Security ruled her ineligible for benefits on the ground that she had voluntarily terminated her position without cause of a necessitous and compelling nature. This decision was affirmed on appeal by the referee and the Board.

There are two questions before us: (1) did the Claimant voluntarily quit her position under the facts of this case, and (2) if so, did she quit under cause of a necessitous and compelling nature?

Claimant relies on *Kozlowski Unemployment Compensation Case*, 191 Pa. Superior Ct. 83, 155 A.2d 373 (1959), to support her argument that she did not voluntarily quit. In that case, the claimant was fired in the presence of his union representative for serious charges which he denied. He was thereafter never

permitted to return to work. Subsequently, the claimant stated he "resigned" in an attempt to prevent a charge of pilfering or violation of fare regulations from appearing on his work record. The Court held that:

> Kozlowski most certainly did not cease working voluntarily and he most certainly was available for work. He had no volition to stay or leave his employment and his so-called 'technical resignation' was clearly involuntary and only submitted as a substitute for his discharge as a measure to make it possible for him to continue in the labor market.

191 Pa. Superior Ct. at 97, 155 A.2d at 377.

In the case before us, however, Claimant continued to work after her "discharge." Furthermore, on previous occasions, she had been "discharged" but had always continued working. In view of the facts, we must conclude that there is substantial evidence to support the finding that Claimant voluntarily left her employment.

We still must decide, however, whether Claimant resigned for cause of a necessitous and compelling nature. The referee found in this case that the Claimant resigned because of dissatisfaction with her working relationship. We need not cite authority to support the established proposition that mere dissatisfaction with one's supervisor does not constitute cause of a necessitous and compelling nature for terminating one's employment. In this instance, however, more was involved than a reprimand or personality conflict. *See Unemployment Compensation Board of Review v. Ruffel*, 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975). On several occasions Claimant was flatly informed that she was fired. Only her apparent tenacity and determination kept her working. It is clear that at all times she tried to resolve her dif-

ferences with her supervisors and retain her employment. We believe that Claimant's continuing uncertainty as to whether the next "firing" would be her last rises to the level of a cause of necessitous and compelling nature for terminating one's employment. A recent decision of our Court, *Arufo v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 555, 391 A.2d 43 (1978), supports this result. In that case, claimant's supervisor continually accused her of theft, even though an audit had cleared her of any wrongdoing. In concluding that claimant resigned for necessitous and compelling reasons, we stated that "[t]he forecast of continuing accusations and suspicions and absence of confidence and trust required in this type of business relationship created an untenable situation. Under these circumstances, claimant, acting as a reasonable person, was effectively compelled to leave." *Id.* at 558, 391 A.2d at 45.

We reverse.

ORDER

AND Now, this 3rd day of November, 1978, the order of the Unemployment Compensation Board of Review dated March 8, 1977, denying benefits to Elizabeth Grosklos is hereby reversed and the case is remanded to the Bureau of Employment Security for the proper computation of benefits.