Joseph R. Caterina, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph R. Caterina*, petitioner, for himself.

*Charles G. Hasson*, Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 23, 1979:

Joseph R. Caterina here appeals a determination by the Unemployment Compensation Board of Review (UCBR) which denied him benefits under Section 402 (b)(1) of the Act.[1]

At issue is whether his reason for refusing an offer of continuing employment rises to the level of a cause of a compelling and necessitous nature which in our law would render him eligible for compensation.

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), provides in pertinent part as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without a cause of a necessitous and compelling nature. . . .

We affirm UCBR.

Caterina had been employed approximately two and one-half years by the United States Army Corps of Engineers when he received notification that, due to a substantial decrease in work load, his job was being abolished effective July 23, 1976. In lieu of separation, he accepted a position with the Corps' River Basin Planning Section. However, on June 15, 1976, the Corps advised him that a revision of its plan for a reduction in force necessitated his being offered another civil engineering position with the Coastal and Special Studies section in lieu of the prior offer. Caterina refused the assignment, thus effectively terminating his employment on July 23, 1976.

On appeal, Caterina contends that he was bound by conscience and by law to decline the second offer because he lacked training and expertise in that particular area of engineering. He refers to his code of ethics as a professional registered engineer, which provides in pertinent part:

> It shall be considered unprofessional and inconsistent with honorable and dignified bearing for any professional engineer or surveyor:
>
> . . . .
>
> (8) To attempt to practice in any field of engineering in which the registrant is not proficient.[2]

Our scope of review is limited to consideration of legal questions and evidentiary support for UCBR's findings of fact. *Hyduchak v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978). Questions of credibility and evidentiary weight are properly left to UCBR which is free to reject even uncontradicted testimony.

---

[2] Section 4(i)(8) of the Professional Engineers Registration Law, Act of May 23, 1945, P.L. 913, *as amended*, 63 P.S. §151(i)(8).

*Rosenberger v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977); *Stockdill v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 516, 368 A.2d 1341 (1977).

In this case, UCBR specifically found that Caterina's refusal was prompted by his belief that there was a contract extant between him and the Corps with respect to the first job offer although he knew, as of June 15, 1976, that the original offer had been canceled. In its "Discussion," UCBR expressly rejected Caterina's contention that the second offer was unsuitable[3] because of a lack of expertise.

The record reveals that substantial evidence exists in support of UCBR's findings in Caterina's written refusal of the second offer wherein he set forth the reasons for his refusal and failed to ascribe any reservations about his competency.[4]

Nor has Caterina adduced proof of his lack of proficiency that would, as a matter of law, establish a compelling and necessitous cause for his refusal. Most of the testimony and exhibits offered at the referee's hearing indicated Caterina's belief that he was *better* qualified to accept the first job offer. He offered no evidence that described the duties of the proffered job for which he felt ill-equipped nor did he detail the practical limitations of his prior training and ex-

---

[3] "Suitable work" is defined in Section 4(t) of the Act, 43 P.S. §753(t).

[4] In a response dated July 21, 1976, Caterina wrote:

I decline the second offer for the following reasons:

1. On May 21, 1976 I accepted the First Offer Civil Engineer, Bason Pln. Sec., Pln. Br., Eng. Div. GS-810-09110 $17,523.00 and I feel that a contract exists presently between the Corps of Engineers and myself in the R.I.F. [Reduction in Force] active. Also: In reviewing the register I find that I am not being bumped but am just being replaced by another employee with less standings.

perience, choosing to rely instead on repeated unsupported assertions that he lacked training and experience and that he was unable to "relate" to the second offer.

We must conclude that Caterina has not met his burden of proving a necessitous and compelling cause for his voluntary termination. *See Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Accordingly, we

#### ORDER

AND Now, this 23rd day of May, 1979, the order of the Unemployment Compensation Board of Review in the above captioned case dated September 26, 1977, denying unemployment compensation to Joseph R. Caterina is hereby affirmed.