Lillian L. Rowles, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*R. Denning Gearhart*, for petitioner.

*Karen Durkin*, Assistant Attorney General, with her *James K. Bradley*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, February 13, 1981:

Lillian L. Rowles (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) dated June 15, 1979, that denied her unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law).[1]

The Claimant was employed by Samuel Lansberry, Inc. (Employer) as a secretary-bookkeeper-receptionist and was paid on an hourly basis. She terminated her employment on February 22, 1979. She sought reemployment with the Employer a week later but

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2987, *as amended*, 43 P.S. §802(b)(1). Section 402 reads in pertinent part as follows:

An employe shall be ineligible for compensation for any week —

....

(b)(1) In which his employment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

was denied. The Claimant applied to the Bureau (now Office) of Employment Security (Office) for unemployment compensation benefits alleging that she had cause of a necessitous and compelling nature for terminating her employment. Benefits were denied and the Claimant appealed. After a hearing the referee affirmed the Office's decision. On appeal the Board affirmed the referee's decision. Claimant then appealed to this Court.

The Claimant alleges that she had a necessitous and compelling reason to terminate because the Employer had unjustly accused her of dishonesty. She further alleges that the Board's finding of fact that she left because she was not being paid on a salary basis and was not receiving sick and personal days is not supported by substantial evidence.

The Claimant has the burden of proof to establish she terminated her employment for a necessitous and compelling reason. *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). Where, as here, the party with the burden of proof has not prevailed before the Board our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). Absent a capricious disregard of competent evidence, the Board's findings of fact are binding on this Court if the findings are consistent with each other and the conclusions of law. The legal conclusions drawn by the Board from those findings of fact remain, of course, subject to judicial review. *McNeil v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 414 A.2d 727 (1980).

At the hearing, the Claimant testified that she had gone to her Employer's office to request vacation leave and, as she had on other occasions, that she be placed on salary instead of being paid by the hour. She further testified that in rejecting her salary request he unjustly accused her of dishonesty in the completion of her time cards.[2] The Claimant explained to the referee that she occasionally had what she felt were business related errands after work and that on those occasions she left 15 minutes prior to the time she entered on her time card.[3]

Our review of the record discloses that after that meeting the Claimant testified:

I went to my desk, and I sat there and I thought that there was another instance of being refused being put on salary and I told him I felt that I had the right to have my wages guaranteed as much as the men or if I'm sick, or at least some sick days. I had been sick a few days recently before that occurred and I went to my desk and I just thought about it, and I thought I'm not going to stay here and have him accuse me of being dishonest when I'm not, and so I told him that I was leaving.

The record further shows that the Claimant alleged the Employer refused to rehire her because she would always want to be put on salary and that after his refusal the Claimant said "I wouldn't come back unless I was put on salary or at least allowed some sick days." The Employer did not appear for the hearing. No evidence, therefore, was presented to refute any of the Claimant's allegations.

---

[2] She was accused of leaving earlier than the time entered on her time cards and eating lunch at her desk instead of taking time off for lunch.

[3] Claimant asserted these errands included stops at the post office on her way to the hairdresser and occasional shopping for things needed for the office.

"Questions of credibility and evidentiary weight are properly left to ... [The Board] which is free to reject even uncontradicted testimony." *Caterina v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 19, 21, 401 A.2d 852, 853 (1979). In performing its function the Board found that:

> The claimant did not voluntarily terminate her employment because of her contention of being accused of dishonesty but resigned because she was not being paid on a salary basis and was not receiving sick and personal days.

Unjust accusations of dishonesty may constitute a necessitous and compelling reason for a claimant to terminate employment, *Arufo v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 555, 391 A.2d 43 (1978).[4] We need not reach this issue or even discuss whether the accusations were unjust in the instant case, however, since the Board found from substantial evidence that the Claimant resigned because of dissatisfaction with her wages and benefits. It is well settled that mere dissatisfaction with wages is not cause of a necessitous and compelling nature for voluntary termination of employment. *Snyder v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 227, 421 A.2d 530 (1980).

Our review of the record convinces us that the Board did not capriciously disregard the Claimant's allegations of unjust accusations. Therefore, we affirm the Board's decision.

---

[4] In *Arufo,* the employee, a bookkeeper-office manager had been accused of being responsible for $2000 in allegedly missing funds. An audit showed that nothing was wrong. One of the employer's principals, however, continued to accuse her of theft. The Board found she had a necessitous and compelling reason to terminate her employment.

618

## ORDER

AND NOW, this 13th day of February, 1981, the decision of the Unemployment Compensation Board of Review No. B-173 249, dated June 15, 1979, denying benefits to Lillian L. Rowles is affirmed.