610 A.2d 539

**SOL NEFT SPORTS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 1992.

Decided May 28, 1992.

Craig E. Wynn, for petitioner.

John E. Herzog, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE, and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Sol Neft Sports appeals from an order of the Unemployment Compensation Board of Review (the Board) which granted benefits to claimant Judith Mockus (Mockus) because she demonstrated that she was not ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Mockus was employed as a secretary for Sol Neft Sports for ten years. On May 14, 1991, David Neft, co-owner of Sol Neft Sports, was convicted on federal charges of mail fraud, filing false statements and bribery arising out of an attempt to purchase assault rifles using documents bearing the forged signatures of police officials. During the trial, David Neft claimed that Mockus falsified the orders and testified against him to protect herself. Mockus was not offered immunity in return for her testimony. Within one hour of learning of the conviction, Marvin Neft (Neft), David Neft's brother and also a co-owner of Sol Neft Sports, confronted Mockus about a free subscription to a fishing magazine which was received at the store and addressed falsely to "Judith Mockus, Owner". Neft

---

1. Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

removed Mockus from her secretarial position and assigned her to pricing merchandise. She received the same wages that she received as secretary but was paid on an hourly basis rather than by salary. In addition, Neft changed her lunch hour and permitted her to eat only in the main lunch room with the owners rather than with the other employees. Mockus performed her new duties until the next day when she was given price tickets that listed an item at $4.00 and a sale price of $0.00. She brought this to the attention of a co-owner who told her to talk with another co-owner. She was convinced that she was being set up, and she told the bookkeeper (within earshot of Neft) that she could no longer handle the pressure of wondering what she would be accused of next and left the store.

The Office of Employment Security denied benefits and the referee affirmed after a hearing at which both Mockus and Neft appeared. The Board issued the following pertinent findings of fact:

5. Claimant did not order the magazine or present herself as owner of the business.

6. Claimant was removed from her secretarial position and assigned to pricing merchandise.

. . . .

8. Claimant did not know what else to do and proceeded to perform her new assignment.

. . . .

12. Claimant could not handle the pressure of not knowing what else she would be falsely accused of doing.

Based on the findings, the Board concluded that she met her burden of proving that she had a necessitous and compelling reason for voluntarily terminating her position and granted benefits.

■ Our scope of review, where the party with the burden of proof has prevailed before the Board, is limited to determining whether an error of law has been committed, constitutional rights have been violated or whether the Board's findings of fact are supported by substantial evidence. *Frankford*

*Hospital v. Unemployment Compensation Board of Review,*
66 Pa.Commonwealth Ct. 452, 445 A.2d 256 (1982). Section
402(b) of the Law renders an employee ineligible for unemployment for any week in which the unemployment is "due to
voluntarily leaving work without cause of a necessitous and
compelling nature...." 43 P.S. § 802(b). In *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351,
358–59, 378 A.2d 829, 832–33 (1977), the court stated:

> ██t can be said that 'good cause' for voluntarily leaving
> one's employment (i.e. that cause which is necessitous and
> compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the
> circumstances to act in the same manner.

The issue before us is whether Mockus had "good cause" to
voluntarily terminate her employment. Neft claims that one
accusation of dishonesty is insufficient as a matter of law to
constitute a necessitous and compelling reason for an employee to voluntarily leave her employment.

██ This Court has never established a specific number of
accusations which are legally sufficient to constitute compelling reasons for one to voluntarily terminate one's employment. However, we have held that a single act may constitute
willful misconduct if it is open disregard of an employer's
reasonable expectations. *See Roberts v. Unemployment Compensation Board of Review,* 62 Pa.Commonwealth Ct. 340, 436
A.2d 1052 (1981). Likewise, we think a single accusation, if
the circumstances surrounding the incident warrant, *may*
produce sufficient pressure to terminate employment that
would compel a reasonable person to act. In *Arufo v. Unemployment Compensation Board of Review,* 37 Pa.Commonwealth Ct. 555, 391 A.2d 43 (1978), the claimant, a bookkeeper/office manager, was accused of theft by a principal of the
company after an independent audit had cleared her of any
wrongdoing. We said

> Such an accusation constituted a very real, substantial, and
> serious personal affront to claimant's character and integrity ... The forecast of continuing accusations and suspicions

and absence of confidence and trust required in this type of business relationship created an untenable situation. *Id.*, 37 Pa.Commonwealth Ct. at 558, 391 A.2d at 45.

The Board believed Mockus' testimony and found that she could not handle the pressure of not knowing what else she would be falsely accused of doing. The Board also concluded that, based on the circumstances involved in this matter, her fears and concerns were both real and substantial. We have said that a voluntary termination must be occasioned by job pressures which are real and substantial and which would compel a reasonable person to act in a like manner. *Drs. Meltzer & Weisberg v. Unemployment Compensation Board of Review*, 80 Pa.Commonwealth Ct. 178, 471 A.2d 157 (1984); *Iaconelli v. Unemployment Compensation Board of Review*, 55 Pa.Commonwealth Ct. 117, 423 A.2d 754 (1980). Applying those principles to the facts in this case, it was not an error of law for the Board to conclude that Mockus had good cause to terminate her employment. Mockus testified against one of the co-owners of the store in a criminal trial. The defendant then implicated her by alleging that she had forged the signatures on federal excise tax forms. Hours after the defendant was convicted, his brother (1) accused Mockus of falsely representing herself as the owner of the stores; (2) removed her from her secretarial position; and (3) limited her lunch break to a specified time in a location where she could be observed. Like the claimant in *Arufo*, Mockus was in a position where the "forecast of continuing accusations and suspicions ... created an untenable situation." *Arufo*, 37 Pa.Commonwealth Ct. at 558, 391 A.2d. at 45. The Board concluded and we agree that Mockus' fears and concerns were real and substantial and that a reasonable person under the circumstances facing Mockus could feel compelled to leave.

## ORDER

NOW, May 28, 1992, the order of the Unemployment Compensation Board of Review, dated September 4, 1991, at B–292996, is affirmed.