Louise CRAIGHEAD–JENKINS,
Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2002.

Decided April 22, 2002.

John Stember, Pittsburgh, for petitioner.

Clifford F. Blaze, Harrisburg, for respondent.

BEFORE: LEADBETTER, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

Louise Craighead–Jenkins (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), affirming a referee's denial of compensation for voluntarily leaving work without cause of a necessitous and compelling nature.[1] We affirm.

Claimant was employed as the executive director of the Pittsburgh branch of the NAACP (Employer) from December 1998. Six months into her employment, a conflict arose between Claimant and Employer's board secretary. The board of directors resolved the matter in Claimant's favor. At the end of 2000, in an unrelated matter, the secretary contradicted instructions Claimant had received from the branch president and interfered with Claimant's completion of her year-end report. The board of directors advised Claimant to ignore the secretary's interference. The personnel committee met on January 10, 2001 and advised the secretary to stop interfering with Claimant. In response to a memorandum written by the secretary on the same day as the board meeting, Claimant resigned. Claimant continued working until February 2001 in order to complete business that she had begun.

Claimant was granted benefits at the local office of employment security (OES), and Employer appealed. The referee reversed, and Claimant appealed. The Board affirmed the referee. The Board found that, had Claimant not resigned her employment, she could have addressed her employment concerns with the entire board of directors. Board Finding of Fact No. 9.

1. Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 802(b) provides, in pertinent part, that:

    An employee shall be ineligible for compensation for any week [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act.

■ On appeal to this Court,[2] Claimant argues that the Board erred in denying benefits because the record supports a finding that she resigned with cause of a necessitous and compelling nature. The Board counters that the circumstances were insufficient to justify Claimant's resignation and that Claimant failed to take reasonable steps to preserve her employment. We agree.

■ What constitutes a necessitous and compelling cause is a question of law reviewable by this Court.[3] The burden is on a claimant to prove necessitous and compelling reasons for quitting. *Du–Co Ceramics v. Unemployment Compensation Board of Review*, 546 Pa. 504, 686 A.2d 821 (1996). A claimant must also prove that she made a good faith effort to avoid having to quit a job, i.e., that the claimant acted with ordinary common sense in quitting and made a reasonable

effort to preserve the employment relationship. *PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 58 (Pa.Cmwlth.1996).

■ Claimant highlights the secretary's January 10, 2001 memorandum, characterizing it as a "full-blown and highly personal attack on Claimant's integrity and professionalism." Brief of Petitioner at 8. Our examination of the record, however, reveals that there is substantial evidence to support the Board's findings [4] and its conclusion that a reasonable person would not find necessitous or compelling cause for resignation. (1/10/01 Memorandum from McKinney to Personnel Committee).

■ In addition, we find no error in the Board's conclusion that Claimant failed to make a good faith effort to preserve her employment.[5] As of January 2001, the

---

**2.** Our review in unemployment compensation cases is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. *Temple University of the Commonwealth System of Higher Education v. Unemployment Compensation Board of Review*, 565 Pa. 178, 772 A.2d 416 (2001).

**3.** The Pennsylvania Supreme Court has defined good cause as follows:

It can be said that "good cause" (i.e. cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 359, 378 A.2d 829, 833 (1977).

**4.** In unemployment compensation cases, the Board is the ultimate finder of fact. *Griffith Chevrolet–Olds, Inc. v. Unemployment Compensation Board of Review*, 142 Pa.Cmwlth. 242, 597 A.2d 215 (1991). If supported by substantial evidence, the Board's findings of

fact are conclusive on appeal. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). We must also examine the evidence in the light most favorable to the party who prevailed before the Board. *Heins v. Unemployment Compensation Board of Review*, 111 Pa.Cmwlth. 604, 534 A.2d 592 (1987).

**5.** Claimant cites *Arufo v. Unemployment Compensation Board of Review*, 37 Pa.Cmwlth. 555, 391 A.2d 43 (1978), *Sol Neft Sports v. Unemployment Compensation Board of Review*, 148 Pa.Cmwlth. 233, 610 A.2d 539 (1992) and *Wasko v. Unemployment Compensation Board of Review*, 88 Pa.Cmwlth. 16, 488 A.2d 388 (1985). Those cases are distinguishable. In *Arufo*, a bookkeeper was charged by her supervisor with theft. Despite the fact that an audit cleared the bookkeeper, her supervisor announced that she would be under suspicion until she cleared her name. In *Sol Neft*, the claimant worked for an employer against whom she testified in a successful criminal prosecution. Hours after the conviction, the employer's brother (1) accused the claimant of falsely representing herself as the owner of employer's stores; (2) removed her from her secretarial position; and (3)

board of directors of the Pittsburgh branch was preparing to take action on the Claimant's concerns. Board Finding of Fact No. 10. The personnel committee in its January 10, 2001 meeting agreed with Claimant and told the secretary to stop criticizing Claimant. Transcript of Testimony from May 31, 2001 Hearing, N.T. at 17. After Claimant entered her resignation, the president of the branch asked Claimant to stay, and informed her that the board was attempting to deal with the problem. N.T. at 23. He also explained to her that the personnel committee was committed to deal with the problem.

 If the employer promises to take action to alleviate the problem, good faith requires that the employee continue working until or unless the employer's action proves ineffectual. *Donaldson v. Unemployment Compensation Board of Review,* 62 Pa.Cmwlth. 41, 434 A.2d 912 (1981). In *Gioia v. Unemployment Compensation Board of Review,* 661 A.2d 34 (Pa.Cmwlth. 1995), the claimant believed criticism from his supervisor was unjust and demoralizing. The employer held a meeting to discuss employee's problems and suggested a second meeting even after employee submitted his resignation letter. Employee refused the second meeting and proceeded with his resignation. We held that the employee's leaving was not for a necessitous or compelling reason. Likewise, here, Claimant refused to reconsider her resignation, even though she was informed that the board reprimanded the secretary

and promised to deal further with the problem.

Accordingly, since we find substantial evidence to support the Board's findings and no error of law in its conclusion, we affirm.

Judge SMITH–RIBNER did not participate in this decision.

### ORDER

AND NOW, this 22nd day of April, 2002, the order of the Unemployment Compensation Board of Review is hereby affirmed.

limited her lunch break to a location where she could be observed. The claimant in *Sol Neft,* much like the claimant in *Arufo,* was in a position where the "forecast of continuing accusations and suspicions . . . created an untenable situation." *Arufo,* 391 A.2d at 45. In *Wasko,* the claimant, a borough secretary-treasurer, was subjected to job interference from the mayor. Ignoring a borough council resolution, the mayor continued to assign his work to the claimant. The claimant was put in a situation in which she was under constant pressure to work for both the mayor and the borough council, even though she attempted through the council to remedy the situation. As in *Arufo* and *Sol Neft,* the claimant in *Wasko* was faced with a situation with no foreseeable resolution.