IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marion Mason, : 
              Petitioner : 
               : 
            v. :   No. 1946 C.D. 2015
               :   Submitted: February 19, 2016
Unemployment Compensation : 
Board of Review, : 
              Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: May 18, 2016

      Marion Mason (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review denying his claim for benefits under the Unemployment Compensation Law (Law).[1] In doing so, the Board affirmed the Referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b),[2] because he voluntarily terminated his employment without cause of a necessitous and compelling nature. Finding no error by the Board, we affirm.

      Claimant was employed by Consortium, Inc. as a full-time therapist from January 2012 until he resigned on May 22, 2015, citing harassment by his

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751 – 918.10.

[2] Section 402(b) states, in relevant part, that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b).

former supervisor. Claimant applied for unemployment compensation benefits, which the UC Service Center denied. Claimant appealed and the Referee conducted a hearing on August 13, 2015. Claimant appeared *pro se* and Employer did not participate.

Claimant testified that on April 22, 2015, he was walking down a hallway at work when he encountered his former supervisor, Judy Spann. As the two walked past each other Spann pushed Claimant from behind, causing him to "almost [fall] into the door." Notes of Testimony, 8/13/2015, at 5 (N.T. __). Claimant continued on without comment. Later that day, Claimant passed Spann again as he was entering a co-worker's office and she "swatted [him] with a stack of papers." *Id*. Another supervisor who witnessed this incident, Jerome Wills, asked Spann "why did she do that, and she said because she can." *Id*. Claimant responded "no you can't, and don't do it again." *Id*. The next day, Claimant reported the incidents to his supervisor and, while the two were talking, Spann overheard the conversation and apologized to Claimant "in an angry way." *Id*.

On April 24, 2015, Claimant submitted an incident report to Employer's human resources department. He met with human resources the following week and was advised he would get a response within eight to ten days. Claimant waited 12 to 14 days for a response but did not receive one. He tendered his resignation on May 18, 2015.

Claimant testified that he did not follow up with human resources because he assumed his resignation would provoke a response from Employer and because he feared a reprisal from Spann. Claimant testified that when Spann was his supervisor she tried to fire him but was unsuccessful. According to Claimant,

2

Spann transferred him to a different supervisor and tried to sabotage his employment by increasing his caseload and criticizing his work.

The Referee found Spann's actions did not create an intolerable work environment or cause reasonable concerns for Claimant's personal safety. The Referee also found that Claimant did not make a good faith effort to preserve his employment. For these reasons, the Referee held that Claimant lacked a necessitous and compelling reason to terminate his employment and was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b).[3] Claimant appealed. The Board adopted the Referee's findings of fact and conclusions of law and affirmed his order. Claimant now petitions for this Court's review.

On appeal,[4] Claimant argues that the Board erred in holding that he did not have a necessitous and compelling reason to quit his job. Claimant contends that he took every possible step to preserve his employment but felt compelled to resign because he feared for his life as a consequence of Spann's harassing conduct. The Board counters that the circumstances were insufficient to justify Claimant's resignation and that Claimant failed to take reasonable steps to preserve his employment. We agree.

---

[3] The Referee also held that Claimant was not disqualified under Section 401(d)(1) of the Law, which requires that a claimant be "able to work and available for suitable work." 43 P.S. §801(d)(1). That determination was not appealed.

[4] Our review in an unemployment appeal is to determine whether constitutional rights were violated, an error of law was committed or the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 628 (Pa. Cmwlth. 1989).

In a voluntary quit case, the claimant bears the burden of proving that he resigned for a necessitous and compelling reason, *i.e.*, circumstances which placed a real and substantial pressure on the employee to terminate employment and which would cause a reasonable person under like circumstances to do the same. *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 629 (Pa. Cmwlth. 1989). Mere dissatisfaction with working conditions, resentment of supervisory criticism or the existence of a personality conflict do not constitute necessitous and compelling reasons for a voluntary quit. *Id*. What constitutes a necessitous and compelling cause is a question of law reviewable by this Court. *Craighead-Jenkins v. Unemployment Compensation Board of Review*, 796 A.2d 1031, 1033 (Pa. Cmwlth. 2002).

In any case, a claimant must also prove that he made a good faith effort to avoid quitting, *i.e.*, that he acted with ordinary common sense in quitting and made a reasonable effort to preserve the employment relationship. *Id*. Informing one's superiors of a co-worker's harassing or abusive conduct is an example of a common sense action. *Porco v. Unemployment Compensation Board of Review*, 828 A.2d 426, 428 (Pa. Cmwlth. 2003). However, "[i]f the employer promises to take action to alleviate the problem, good faith requires that the employee continue working until or unless the employer's action proves ineffectual." *Craighead-Jenkins*, 796 A.2d at 1034.

Claimant argues that he had a necessitous and compelling reason to quit his job. Although Spann's pushing Claimant and swatting him with a stack of papers is inappropriate conduct, we cannot conclude that this constituted an intolerable work atmosphere under our precedent. *See, e.g.*, *Taylor v.*

4

*Unemployment Compensation Board of Review*, 378 A.2d 829 (Pa. 1977) (African-American claimant subjected to repeated racial slurs and prejudicial treatment for three years); *Porco v. Unemployment Compensation Board of Review*, 828 A.2d at 426 (sales manager verbally abused and humiliated claimant at least once a week); *Danner v. Unemployment Compensation Board of Review*, 443 A.2d 1211, 1213 n.2 (Pa. Cmwlth. 1982) (fellow employees, including the claimant's foreman, questioned him as to whether his girlfriend had had a sex change operation, and engaged in other verbal and physical abuse). Here, Claimant's testimony demonstrated "resentment" and a "personality conflict" but not an intolerable work environment.

Claimant contends that he took reasonable steps to preserve his employment relationship, but we disagree. Claimant addressed his concerns with Spann's conduct by filing an incident report and meeting with a representative of Employer's human resources department. When Claimant did not receive a response from human resources within eight to ten days as promised, he tendered his resignation a few days later. We agree with the Board that a person in claimant's situation acting with ordinary common sense would have at least inquired of the status of his incident report before quitting. Good faith required Claimant to continue working until Employer's action proved ineffectual. *Craighead-Jenkins*, 796 A.2d at 1034.

For all of these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marion Mason,                          :
             Petitioner           :
                                   :
             v.                    :   No. 1946 C.D. 2015
                                   :
Unemployment Compensation              :
Board of Review,                       :
             Respondent           :

## **O R D E R**

AND NOW, this 18th day of May, 2016 the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated September 17, 2015, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge