IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon A. Keller,  :
             Petitioner  :
                     :  Nos.  790 & 791 C.D. 2016
          v.  :
                     :  Submitted:  November 10, 2016
Unemployment Compensation  :
Board of Review,  :
             Respondent  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED:  March 29, 2017


        Brandon A. Keller (Claimant) petitions, *pro se*, for review of the March 31, 2016 orders of the Unemployment Compensation Board of Review (Board), affirming the decisions of a referee to deny him benefits under section 401(d)(1) of the Unemployment Compensation Law (Law)[1] for claim week ending on November 21, 2015, and to deny him benefits under section 402(b) of the Law[2] for claim week ending on December 5, 2015.  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).  Section 401(d)(1) of the Law states that a claimant is eligible for benefits only if he "[i]s able to work and available for suitable work."  *Id.*

[2] 43 P.S. §802(b).  Section 402(b) of the Law provides that a claimant "shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."  *Id.*

The unchallenged findings of this case are as follows.[3] Claimant worked as a cook with Lena's Café (Employer) from January 16, 2014, until August 17, 2015. While working for Employer, Claimant was on court-ordered probation. On August 17, 2015, Claimant was subjected to and failed a random drug test that was administered as part of the terms of his probation. The police subsequently arrested Claimant and he was incarcerated from August 17, 2015, to September 20, 2015. At the time of his arrest, Claimant contacted Employer and inquired as to whether he could keep his employment. In response, Employer informed Claimant that it would consider his circumstances when he was able and available to work. (Findings of Fact Nos. 1-6.)

On September 20, 2015, Claimant was released from incarceration. On that same date, Claimant overdosed on heroin and was hospitalized until September 23, 2015. Immediately following his discharge from the hospital, Claimant was incarcerated to October 28, 2015, at which point he was transferred to an inpatient rehabilitation facility where he stayed until his release on November 17, 2015. (Findings of Fact Nos. 7-10.)

Three days after his release, on November 20, 2015, Claimant sent a text message to Employer, inquiring about the possibility of working. On December 1, 2015, Employer informed Claimant that he could report for a shift of work on that evening. In response, Claimant told Employer that he would let Employer know whether he would come to work that evening. Thereafter, Claimant did not contact Employer. (Findings of Fact Nos. 11-14.)

---

[3] Unchallenged findings are conclusive on appeal and are binding on this Court. *Munski v. Unemployment Compensation Board of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011).

Claimant filed an application for benefits under the Law. The local service center issued two determinations, concluding that Claimant was ineligible for benefits for claim week ending on November 21, 2015, pursuant to section 401(d)(1) of the Law, and was ineligible for benefits for claim week ending on December 5, 2015, pursuant to section 402(b) of the Law. Claimant appealed, and the referee convened a hearing.

At the hearing, Employer adduced evidence establishing the facts described above. Claimant testified that he had experienced a conflict with other employees in the months prior to the date on which he failed the drug test, August 17, 2015, and asserted that the employees created a hostile working environment by being mean and/or unprofessional toward him. In rebuttal, Employer testified that after Claimant informed it of the employees' behavior, it discussed the matter with the employees and Claimant did not complain about their conduct since then. (Notes of Testimony (N.T.) at 13-17.)

In two separate decisions and orders, the referee concluded that Claimant was ineligible for benefits. First, for claim week ending on November 21, 2015, the referee determined that Claimant was not able and available to work:

> The evidence of record indicates that [Claimant] was either incarcerated, hospitalized, or in an inpatient rehabilitation facility between August 17, 2015, and November 20, 2015 . . . . Because [Claimant] did not . . . attempt to speak with [Employer] about returning to work until November 20, 2015, the Referee concludes that [Claimant] is not able and available for suitable work during this claim week under section 401(d)(1) of the Law.

(Referee's Decision, 16-09-D-0954, at 2.)

3

Second, for claim week ending on December 5, 2015, the referee determined that Claimant failed to prove a necessitous and compelling reason to voluntarily quit employment:

> [T]he burden of proof is on [Claimant] to show he has voluntarily terminated his employment for necessitous and compelling reasons. [Claimant] testified . . . that he experienced a personality conflict with other employees prior to August 17, 2015, in which he felt other employees were being either mean or unprofessional toward him. [Employer] credibly testified that after this issue was raised by [Claimant], he spoke to these other employees and never received another issue or concern from [Claimant] . . . .
>
> Even assuming [Claimant] did not voluntarily terminate his employment at the time he was beginning his incarceration on August 17, 2015, through his release from rehabilitation on November 17, 2015, [Employer] offered work for [Claimant] to return for a shift of work on December 1, 2015, which [Claimant] simply failed to take advantage of and never had any contact with [Employer] thereafter. [Claimant] has clearly failed to meet his burden, and he is ineligible for benefits under section 402(b) of the law.

(Referee's Decision, 16-09-D-0957, at 3.)

Claimant appealed, and by orders dated March 31, 2016, the Board affirmed the referee's determinations. Claimant then filed two petitions for review with this Court.[4]

Before this Court,[5] Claimant argues that he did not want to continue his employment with Employer after he was discharged from the rehabilitation facility,

---

[4] By order dated June 16, 2016, this Court consolidated Claimant's petitions.

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by

**(Footnote continued on next page…)**

4

because "the harassment would have definitely continue[d]" and it would have been "much worse." (Claimant's brief, Attachment B at 4.) Claimant contends that the "only reason [the harassment] had stopped . . . was due to the fact that [he] had become incarcerated . . . ." *Id.*

Under the Law, the claimant has the burden of proving that he had a necessitous and compelling cause for voluntarily terminating his employment. *PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 58, 60 (Pa. Cmwlth. 1996). A necessitous and compelling cause is that which "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832-33 (Pa. 1977). Absent an intolerable working environment, mere dissatisfaction with working conditions or the existence of a personality conflict do not constitute a necessitous and compelling reason for a voluntary quit. *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 629 (Pa. Cmwlth. 1989).

Further, to meet his burden of establishing just cause for a voluntary quit, the claimant must demonstrate that he took "all necessary and reasonable steps to preserve the employment relationship." *PECO Energy Co.*, 682 A.2d at 61. Pursuant to this obligation, the claimant must attempt to resolve and inform the employer of any conflicts with co-workers and/or supervisors. *See Craighead-*

---

**(continued…)**

substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

*Jenkins v. Unemployment Compensation Board of Review*, 796 A.2d 1031, 1033-34 (Pa. Cmwlth. 2002). The claimant must also continue working until or unless the employer's attempt to rectify the situation proves ineffectual. *See id*.

Here, the Board found credible Employer's testimony that it spoke with the employees about allegedly harassing Claimant and that it did not receive any complaints from Claimant thereafter. Consequently, Employer had every reason to believe that the conflict between Claimant and his co-workers had resolved, and, if the harassment persisted after Employer's involvement, it was Claimant's duty to inform Employer of this fact. However, Claimant did not do so, and he cannot now rely on his speculative fear that if he returned to employment with Employer, the harassment would have continued. Therefore, we agree with the Board that Claimant failed to prove a necessitous and compelling cause for terminating his employment and/or declining Employer's offer of employment after he was discharged.

Claimant also argues that he should have received benefits for the claim week ending on November 21, 2015. More specifically, Claimant contends that he was attending to personal matters from the date of his discharge from rehabilitation on November 17, 2015, and did not have access to his apartment and personal effects until November 20, 2015.

In order to be eligible for unemployment benefits under section 401(d)(1) of the Law, the claimant must show that he is able and available for suitable work. *Rohde v. Unemployment Compensation Board of Review*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). In this regard, the real question is whether the claimant has been subjected to conditions or circumstances "which so limit his availability as to effectively remove him from the labor market." *Harwood v. Unemployment Compensation Board of Review*, 531 A.2d 823, 826 (Pa. Cmwlth. 1987).

Here, Claimant was not able or available to work due to physical confinement ordered in connection with violations of his probation and he was effectively removed from the labor market during this time. *See also Masko v. Unemployment Compensation Board of Review*, 447 A.2d 328, 329 (Pa. Cmwlth. 1982) ("Incarceration does not suspend an employe's obligation to be available for work."). Although Claimant was released on November 17, 2015, his above contentions establish that he was not available and able to work for the claim period at issue. At best, Claimant's arguments merely provide an excuse as to why he could not work immediately following his discharge, which is irrelevant and not part of the analysis under section 401(d)(1) of the Law. Therefore, we conclude that the Board did not err in determining that Claimant was ineligible for benefits because he was not able and available for work.

Accordingly, having determined that the Board correctly denied Claimant benefits for the time periods at issue under sections 402(b) and 401(d)(1) of the Law, we affirm the Board's orders.

_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon A. Keller,                         :
                    Petitioner              :
                                            :  Nos.  790 & 791 C.D. 2016
          v.                                :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :

## *ORDER*

AND NOW, this 29th day of March, 2017, the March 31, 2016 orders of the Unemployment Compensation Board of Review are hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge