# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Forbes Road School District, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1814 C.D. 2016 |
| | : | Submitted: March 17, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  April 18, 2017**


Forbes Road School District (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that reversed the decision of the Referee and held that Glenda S. Akers (Claimant) is not ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (the Law)[1] because she voluntarily quit her job

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, § 402(b), *as amended*, 43 P.S. § 802(b).  Section 402(b) provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week… [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …."  *Id*.

for a necessitous and compelling reason. For the reasons set forth below, we affirm.

Claimant was employed as a full-time paraprofessional by Employer, from August 23, 2015 until June 1, 2016, the end of the 2015-2016 school year, when she resigned from her employment due to loss of paid healthcare benefits for her spouse; her rate of pay was $10.15 per hour. (Record Item (R. Item) 17, Board Decision and Order Findings of Fact (F.F.) ¶¶ 1, 10.) She applied for unemployment benefits, and on June 24, 2016, the Department of Labor and Industry's Office of Unemployment Compensation Benefits (Department) issued a determination that Claimant was ineligible because she had voluntarily quit her employment without a necessitous and compelling reason. Claimant appealed, and the Referee conducted a hearing at which Claimant testified and the School District Superintendent (Superintendent), represented by counsel, testified on behalf of Employer.

On July 28, 2016, the Referee issued a decision affirming the Department's determination, reasoning that the fact that Claimant would no longer receive paid healthcare coverage for her spouse did not constitute a necessitous and compelling reason for resigning her employment. (R. Item 9, Referee's Decision and Order.) Claimant appealed the referee's decision to the Board.

On October 11, 2016, the Board issued a decision reversing the Referee, and made the following relevant findings of fact:

> 2. Upon hire, the claimant understood that she would receive paid health benefits for both herself and her spouse.
>
> 3. After hire, the claimant completed health insurance paperwork and indicated that she needed a family healthcare plan.

2

4. The employer does not provide paid spousal healthcare benefits for its paraprofessionals and mistakenly processed the claimant's paperwork for a family healthcare plan.

5. Subsequently, the employer notified the claimant that she should only be receiving paid healthcare benefits for herself but agreed to continue the spouse's healthcare benefits for the remainder of the 2015-2016 school year.

6. On June 6, 2016, the School Board voted on whether it should continue paying healthcare benefits for the claimant's spouse and provide paid spousal healthcare benefits for all of its paraprofessionals. The Board voted against the motion.

7. On June 7, 2016, the claimant was informed that she would lose her paid spousal health care benefits for the 2016-2017 school year.

8. On July 11, 2016, the employer informed the claimant that it would cost her $1342.54 per month to cover her spouse on her insurance plan.

9. On July 12, [2016], the employer gave the claimant a revised number of $947.16 per month to cover her spouse on her insurance plan.

(R. Item 17, F.F. ¶¶ 2-9.) Employer has filed the instant petition for review appealing the Board's order to this Court.[2]

A claimant seeking benefits after voluntarily quitting her job has the burden to demonstrate that she had a necessitous and compelling reason for doing so. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299

---

[2] Our review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 297 n.6 (Pa. Cmwlth. 2013).

(Pa. Cmwlth. 2013); *Green Tree School v. Unemployment Compensation Board of Review*, 982 A.2d 573, 577 (Pa. Cmwlth. 2009); *Fitzgerald v. Unemployment Compensation Board of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998). To prove a necessitous and compelling reason for leaving employment, the claimant must show circumstances that produced real and substantial pressure to terminate employment and would compel a reasonable person to act in the same manner, and that she acted with ordinary common sense in quitting her job and made a reasonable effort to preserve her employment. *Mathis*, 64 A.3d at 299-300; *Craighead-Jenkins v. Unemployment Compensation Board of Review*, 796 A.2d 1031, 1033 & n.3 (Pa. Cmwlth. 2002); *Fitzgerald*, 714 A.2d at 1129. Whether or not a claimant had a necessitous and compelling cause for leaving employment is a question of law subject to this Court's plenary review. *Mathis*, 64 A.3d at 300; *Fitzgerald*, 714 A.2d at 1129.

We have held that an employer's imposition of a substantial, unilateral change in the terms of employment, including changes that impact an employee's salary, benefits, and other terms of employment, may constitute a necessitous and compelling cause for an employee to terminate her employment. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 228 (Pa. Cmwlth. 2012); *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). "Substantiality is measured by the impact on the employee, and whether the change involves any real 'difference' in employment conditions." *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266, 1272 (Pa. Cmwlth. 2003).

4

Employer argues that the granting of spousal benefits to Claimant was merely a mistake, a clerical error, and the correction of this mistake by eliminating this benefit cannot be considered a substantial, unilateral change in the terms of Claimant's employment. We disagree. The Board found that at the time she was hired, Claimant understood that she would receive paid spousal healthcare benefits, and after filling out the necessary paperwork to elect such coverage, Claimant received such benefits throughout the school year, even after the School District notified her of the error. (R. Item 17, F.F. ¶¶ 2-3.) Claimant testified that she left a job that paid more money to take the job with Employer because of the full benefits provided, and the security it provided to her family, and that she was more than willing to continue her employment provided that Employer could continue to provide paid spousal insurance. (R. Item 10, Referee's Hearing, Transcript of Testimony (H.T.) at 5, 9.) It is clear that the $947.16 per month that Claimant would be required to pay for spousal healthcare coverage in comparison to her $10.15 per hour wage represents a substantial change in the terms of her employment.

Employer argues that Claimant failed to take reasonable steps to preserve her own employment, and determined to resign her position, regardless of what other arrangements may have existed. As noted above, in addition to demonstrating circumstances that produced real and substantial pressure to terminate employment, a claimant must also show that she made a reasonable effort to preserve her employment. *Green Tree School*, 982 A.2d at 579 (Pa. Cmwlth. 2009); *Nolan v. Unemployment Compensation Board of Review*, 797 A.2d 1042, 1046-47 (Pa. Cmwlth. 2002); *Craighead-Jenkins*, 796 A.2d at 1033 (Pa. Cmwlth. 2002). Before the Referee, Claimant testified that she did not know

5

that she was the only paraprofessional who was receiving this benefit until a School Board member approached her and indicated to her that the School Board would no longer be willing to provide it. (*Id*., H.T. at 9.) Claimant thereupon emailed Superintendent, requesting confirmation on this matter so that she could plan accordingly. (*Id*., H.T. at 10; Exhibits.) He responded, explaining the financial limitations under which the School District operated and his discussions to date with School Board members, the insurance provider and the School Board solicitor as to the viability of offering the spousal healthcare benefit to all paraprofessionals. (*Id*., Exhibits.) He advised her that the School Board would vote, at its June 3, 2016 meeting, on whether or not to extend her benefits into the next school year. (*Id*.) Claimant emailed again on the morning following the meeting, requesting an update, and Superintendent responded with the information that the School Board had voted to eliminate this benefit to her as of July 1, 2016. (*Id*.)

The facts found by the Board and the undisputed evidence in the record support the Board's conclusion that Claimant met her burden of showing necessitous and compelling circumstances for voluntarily quitting her employment; the knowledge that her compensation package might be dramatically altered by the loss of spousal healthcare benefits prompted her dialogue with the Superintendent, and the School Board's final decision to discontinue those benefits compelled her to resign. Accordingly, we affirm the Board's conclusion that Claimant is not ineligible for benefits under Section 402(b) of the Law.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Forbes Road School District, : 
       :
            Petitioner : 
       :
            v. : No. 1814 C.D. 2016
       :
Unemployment Compensation : 
Board of Review, : 
       :
            Respondent : 

# **O R D E R**

AND NOW, this 18th day of April, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge